**NATIONSBANK, N.A., Plaintiff,**

v.

**Jacqueline PLECAS, Defendant.**

**Civ. A. No. 94–2076 (JR).**

United States District Court, District of Columbia.

May 11, 1995.

Daniel Mark Litt, Dickstein, Shapiro & Morin, Washington, DC, for plaintiff.

Lee H. Karlin, Washington, DC, for defendant.

### *MEMORANDUM OPINION*

ROBERTSON, District Judge.

This is an action on a personal guarantee given as security for a bank loan to a corporation. The matter is before the Court on cross-motions for summary judgment. There are no genuine issues of material fact. Plaintiff is entitled to judgment as a matter of law.

On August 14, 1991, American Security Bank, N.A., the predecessor of plaintiff Nationsbank, N.A., established a revolving credit facility in favor of Med–Atlantic Petroleum Corporation (MAPCO). Defendant Jacqueline Plecas, president and owner of MAPCO, delivered her "unconditional guarantee" as security for the loan. The revolving credit facility matured in 1992, and the bank (now Nationsbank) executed a second revolving credit agreement in the same amount as the initial loan. After the second note matured

in 1993, the credit facility was again extended under certain modified terms.

A significant portion of MAPCO's business was government contracts. On October 29, 1993, after an investigation, the Defense Logistics Agency (DLA) suspended MAPCO from further government contracting because MAPCO had engaged in a "persistent pattern of overbilling the government."

MAPCO did not disclose the suspension to Nationsbank. Six months later, Nationsbank finally learned of the suspension. Nationsbank thereafter notified MAPCO of numerous events of default under the terms of the loan agreement. After a number of escalating steps, Nationsbank declared the note due and demanded payment in full. When MAPCO did not pay, Nationsbank brought this action against Ms. Plecas to recover on her guarantee.

Defendant raises a flurry of issues in opposition to plaintiff's motion for summary judgment. None of them has merit.

Defendant's assertion that her 1991 guarantee abated or was otherwise no longer in effect after the initial 1991 note matured has no support in the record. The 1991 guarantee recites that it is continuing in character, even in the event of "partial payment, rescission or modification" of the amounts due under the initial loan. By its terms, the guarantee could not be revoked except in writing, and no such revocation has ever been made. The obligation incurred in 1991 was not paid off with the execution of the 1992 note. Section 11.11 of the 1992 loan agreement expressly provides for "other agreements" to be continuing until all obligations are paid in full, defining "other agreements" to include, among other things, "guaranties ... now or hereafter existing ... or guaranteeing, securing or in any other manner relating to any of the Obligations." In the 1993 loan instruments, again covering the same obligation, defendant Plecas signed both as president of MAPCO and as guarantor of the modified loan. Defendant reaffirmed her status as guarantor *after* Nationsbank declared MAPCO to be in default in May 1994, first in a letter dated June 15, 1994 and again in a letter dated November 22, 1994.

Defendant's assertion that the amount owed under the guarantee is not liquidated is conclusory and unsupported in the record. The other matters raised or suggested in defendant's opposition to the pending motion for summary judgment are all immaterial to the issue of defendant's liability under her guarantee. Plaintiff's motion for summary judgment is granted for the outstanding principal, accrued and unpaid interest, unpaid audit fees, legal fees, and costs. Counsel for the plaintiff will submit an appropriate order.